FILED & JUDGMENT ENTERED
Steven T. Salata

August 24 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re<br><br>DBMP LLC,[1]<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 20-30080 (JCW) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, and SANDER L. ESSERMAN, in his capacity as Legal Representative for Future Asbestos Claimants,<br><br>　　　　　Plaintiffs,<br>v.<br><br>DBMP LLC and CERTAINTEED LLC,<br><br>　　　　　Defendants. | Adv. Pro. No. 21-03023 (JCW) |

---

[1] The last four digits of the Debtor's taxpayer identification number are 8817. The Debtor's address is 20 Moores Road, Malvern, Pennsylvania 19335.

| | |
|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, and SANDER L. ESSERMAN, in his capacity as Legal Representative for Future Asbestos Claimants, each on behalf of the estate of DBMP LLC,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CERTAINTEED LLC, CERTAINTEED HOLDING CORPORATION, and SAINT-GOBAIN CORPORATION,<br><br>　　　　　　Defendants. | Adv. Pro. No. 22-03000 (JCW) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, on behalf of the estate of DBMP LLC, and SANDER L. ESSERMAN, in his capacity as Legal Representative for Future Asbestos Claimants, each on behalf of the estate of DBMP LLC,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>COMPAGNIE DE SAINT-GOBAIN S.A., SAINT-GOBAIN CORPORATION, SAINT-GOBAIN DELAWARE CORPORATION, CERTAINTEED LLC, CERTAINTEED HOLDING CORPORATION, JOSEPH BONDI, SEAN KNAPP, LAWRENCE RAYBURN, MICHAEL STARCZEWSKI, VINCENT DINENNA, ROBERT PANARO, DONALD MELROY, PIERRE-ANDRÉ DE CHALENDAR, BENOIT BAZIN, ANTOINE VIGNIAL, HUBERT REICHARDT, DANIEL BIARNEIX, SREEDHAR NATARAJAN, GUILLAUME TEXIER, THOMAS KINISKY, CAROL GRAY, JOHN SWEENEY, ERIC PLACIDET, MARK RAYFIELD, and KEITH CAMPBELL,<br><br>　　　　　　Defendants. | Adv. Pro. No. 22-03001 (JCW) |

# ORDER AUTHORIZING DISCOVERY REFEREE TO RETAIN
# AND EMPLOY AMANDA MELTON CARTER AS RESEARCH ASSISTANT

This matter coming before the Court on the *Ex Parte Application of the Discovery Referee for an Order Authorizing Him to Retain and Employ Amanda Melton Carter as Research Assistant* (the "Application"),[1] filed by the Discovery Referee; the Court having reviewed the Application and the Declaration; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(d)(2), (d) notice of the Application was sufficient under the circumstances, (e) Ms. Carter does not hold or represent any interest materially adverse to the Debtor's estate and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by the terms of the Discovery Referee Order incorporating the standards of section 327 of the Bankruptcy Code, and (f) the Application and all related exhibits fully comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just case for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED;

2. The Discovery Referee is authorized to retain and employ Amanda Melton Carter as his research assistant in connection with the matters set forth in the Discovery Referee Order.

3. Ms. Carter is authorized to render the professional services to the Discovery Referee, as set forth in the Application and the Declaration.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

4. Ms. Carter shall be compensated for her services as set forth in the Application and the Declaration, and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Discovery Referee Order, and any other applicable orders or procedures of this Court. Consistent with the Discovery Referee Order, the Discovery Referee may seek compensation for Ms. Carter's services by the presentment of an invoice, with reasonable supporting detail, to the Notice Parties.

5. This Order shall be immediately effective and enforceable upon its entry.

6. Pursuant to Local Rule 9013-1(f), any party shall be entitled to a hearing or request that the Court reconsider the entry of this Order by filing a motion for reconsideration within 14 days of service of this Order.

7. The Discovery Referee is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

8. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

This Order has been signed electronically.　　　　　　United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.